### ELISHA MUNSON

*v.*

### JACOB R. BERDAN, executor.

35　376
59　223

A testator gave to his wife $14,000, " to be by her used during her natural life at her pleasure, hereby giving her power ＊ ＊ ＊ to appoint the same among my legatees, by will, after her decease, according to her judgment and discretion ;" otherwise to his legatees " in proportion to the legacies bequeathed by this my will."—*Held*, that her will bequeathing exactly the $14,000 among her husband's *surviving* legatees was a good execution of the power, although the will contained no direct reference to or express recital of the power.

---

Bill for construction of will. On final hearing on bill and answer and stipulation of counsel.

*Mr. Z. M. Ward*, for complainant.

*Mr. W. Pennington*, for defendant executor.

THE CHANCELLOR.

Ira Ryerson, deceased, by his will dated January 8th, 1873, bequeathed as follows :

"I also give to my said wife, and direct my executors to pay to her, the sum of $14,000, to be by her used during her natural life at her pleasure; hereby giving her power to invest and re-invest the same in her own name in the same m anner as I might do if living, and to appoint the same among my legatees by will after her decease, according to her judgment and discretion. But should the sum of $14,000, or any part thereof, remain undisposed of by my said wife as aforesaid at the time of her death, I give and bequeath the whole or part thereof, as the case may be, so undisposed of by my said wife, to my legatees in proportion to the legacies bequeathed by this my will."

His legatees were his brother, Hassel P. Ryerson, and Hassel's wife, and their daughters, Orilla and Elizabeth; the children of his deceased sister, Patience Munson; his half-sister, Sophronia, and her husband, Elisha Doty, of Ohio; his half-sister, Lavinia, wife of John Beekman, of Ohio; his half-brother, Hurlburt Carpenter; the heirs of his half-brother, Deming Carpenter, "had by his first wife;" Richard Van Houten; Jane and Gertrude Van Houten, daughters of Richard; Abraham P. Ryerson; Gertrude and Ira Ryerson, children of Abraham; Catharine, daughter of Amos Ryerson; Gertrude Holbert; Ira Ryerson Van Houten, son of Adrian Van Houten; Abraham Doremus; the Board of Foreign Missions of the Reformed (late Dutch) Church; the General Synod of the Reformed Church, and the Paterson Orphan Asylum and the Ladies' Hospital Association. The $14,000 were paid over to the widow pursuant to directions sought from this court (*Matter of Executors of Ryerson, 11 C. E. Gr. 43*), and were held by her up to the time of her death. By her will, dated March 15th, 1878, drawn by herself, she gives to the surviving legatees of her husband, Ira Ryerson, legacies amounting altogether to the sum of $14,000, and the question is whether they are so given in execution of the power of appointment given in her husband's will. I am of opinion that they are. Those legacies are grouped together in

NOTE.—The execution of a power may be valid, without an express reference thereto, *Den* v. *Crawford, 3 Hal. 103, 2 Jarm. on Wills *676; Lancaster* v. *Dolan, 1 Rawle 231; Andrews* v. *Brumfield, 32 Miss. 107; Gould* v. *Mather, 104 Mass. 290; Bishop* v. *Remple, 11 Ohio St. 277; Heyer* v. *Burger, 1 Hoff. Ch. 1; Porcher* v. *Daniel, 12 Rich. Eq. 349; Owen* v. *Ellis, 64 Mo. 77.* See *Holt* v. *Hogan, 5 Jones Eq. 82; Foos* v. *Scarf, 55 Md. 301; Hollister* v. *Shaw, 46 Conn. 248.*—REP.

the will and amount to the sum of $14,000 precisely. That they are given by her in execution of the power to appoint conferred on her by her husband's will, is further evident from the fact that in the gift to her husband's half-sister, Sophronia Doty, she refers to her as " surviving legatee." By Mr. Ryerson's will he gave a legacy to Mrs. Doty and her husband. The latter died after the decease of Mr. Ryerson, and was dead when the testatrix made her will. That reference is obviously to Mr. Ryerson's will, and the gift by the testatrix to Mrs. Doty is therefore to her expressly as surviving legatee accordingly. Moreover, there is some evidence in the fact that she gives a legacy to Laura Munson, who was the daughter of Ira Munson, one of the children of the testator's sister Patience. The testator by his will gave legacies to " the children " of Patience, and Ira, who was one of them, predeceased him. It was held in this court that under the will Laura took by substitution in place of her father. Hence, apparently, the legacy to her in the testatrix's will. There are other evidences in the will that it was the intention of the testatrix, in these legacies to the legatees of her husband, to execute the power of appointment given to her by his will. The testatrix indeed does not, except in the legacy to Sophronia Doty, refer to her husband's will, but it is not necessary that under such a power of appointment the intention to execute the power should appear by express terms or recitals in the instrument—it is sufficient if the act shows that the donee had in view the subject of the power. *4 Kent's Com. 334, 335 ; Sudg. on Pow. 257 ; 2 Washb. on Real Prop. 658; Blagge* v. *Miles, 1 Story 426 ; Cueman* v. *Broadnax, 8 Vr. 508.*

The legacies given by the testatrix to the surviving legatees of her husband together amount, as before said, to the $14,000 exactly. One of the legatees of her husband died after the testatrix's death and before the making of the testatrix's will, and she gives the whole fund to the survivors. This execution of the power of appointment is a good and complete one. *Boyle* v. *Bishop of Peterborough, 1 Ves. jun. 299 ; Butcher* v. *Butcher, 1 Ves. & B. 79 ; Perry* v. *Meddowcroft, 4 Beav. 197 ; Paske* v. *Haselfoot, 33 Beav. 125.*