In the matter of the petition of MARY J. DOWE et al.

[Filed March 14th, 1904.]

1. A fund, raised by sale of lands under the provisions of the act entitled "An act to authorize the sale of lands limited over to infants or in contingency in cases where such sale would be beneficial," is substituted for the lands, and every person who had an interest in the lands has an equivalent interest in the fund. '

2. The income from the fund, or such part thereof as is directed to be paid to the tenant for life, is payable up to the day of his death, and so much thereof as has not been paid previously to him must be paid to his personal representative.

3. The lands sold in this proceeding were affected by the provisions of section 11 of the Descent act; thereby Jasper Cadmus had a vested estate therein for his life only; each of his children had a vested remainder in fee, subject to be divested by the death of such child leaving a child or children during the life of Jasper, but not otherwise. Equivalent interests exist in the fund raised by the sale.

4. The widow of Jasper Cadmus would have been entitled, under section 11 of the Descent act, to an estate in dower in said lands on the death of her husband, if said lands had not been sold; she is entitled to an equivalent interest in the fund.

---

On application for moneys in court derived from the sale of lands under the provisions of the act entitled "An act to authorize the sale of lands limited over to infants or in contingency in cases when such sale would be beneficial," approved March 20th, 1857.

*Mr. William W. Anderson,* for the petitioner.

*Mr. Thomas J. Kennedy,* for Sarah M. Cadmus, widow.

MAGIE, CHANCELLOR.

Upon the petition filed in this matter an order of reference was made, and upon the coming in of the master's report petitioners filed exceptions thereto, which have now been brought to hearing. The application seeks a distribution of a fund in court arising from a sale of lands made under an order of this court, pursuant

to the provisions of the act relating to the sale of lands limited over. The fund has remained in court during the lifetime of Jasper A. Cadmus, to whom, by an order of the court, seven-eighths of the income of the fund has been paid as it accrued. Jasper A. Cadmus is now dead and the fund is to be disposed of. The master's report is in favor of a distribution thereof, which is unsatisfactory to the petitioners. The exceptions to the report indicate three points on which it is insisted that the master has erred.

The second exception questions the propriety of the report which favors the payment to the executrix of Jasper A. Cadmus of the seven-eighths of the interest accrued upon the fund between the last payment of interest and his death.

The scheme of the act, as will be more fully stated hereafter, is to substitute for the lands directed to be sold the fund arising from the proceeds of the sale, in which fund every person who had an interest in the lands has an equivalent interest. Jasper A. Cadmus, by the previous proceeding for the sale of those lands, was recognized as a tenant for life of the lands, and after sale as entitled to the larger part of the income of the fund arising from the sale, the remaining income being held, under the provisions of the act, to accumulate for those to whom the fund is to be distributed. If the lands had not been sold it is manifest that Jasper A. Cadmus would have been entitled to have the use and the rents and profits thereof up to the day of his death, and that his rights would have fallen at his death to his personal representative. It therefore does not admit of a doubt, in my judgment, but that his executrix is entitled to the accrued but unpaid interest which would have been paid to her husband if he had survived.

The third exception attacks the finding of the master which excludes from the distribution the devisees of some of the children of Jasper A. Cadmus, who died in his lifetime, leaving no children.

The only petitioner who may be aggrieved by this finding is Mr. Scull, who claims under the will of one Benjamin F. Cadmus. Mr. Morgan may have a claim under the will of his deceased wife, who was the original petitioner in the cause, but

he made no appearance before the master, and, so far as shown, makes no claim to the share which his wife would have been entitled to. The objection of the petitioner, Mr. Scull, however, brings the matter before me, so that I may indicate my opinion thereon.

I have reached the following conclusions:

1. The lands sold in this case were evidently treated by the chancellor who made the order for the sale as lands devised to Jasper and his issue, with remainder over on failure of Jasper's issue, and therefore as lands falling within the provisions of the eleventh section of the Descent act—that is, as lands which would have been held to be an estate in fee tail under the statute of *13 Edw. I.* It is conceded in this argument that the provisions of that section are applicable, and that the devise thereunder vested in Jasper an estate for life only, and upon his death the same would go to and be vested in his children, to be divided between them as tenants in common.

2. The language of section 11, describing the estate of those who are to take after the death of the life tenant, is identical with the language used in section 10, which prescribes the mode in which estates formerly affected by the rule in *Shelley's Case* should pass.

3. In *Hopper* v. *Demarest, 22 N. J. Law (2 Zab.) 599,* the language of section 10 was construed as vesting in the children of the life tenant an estate in the lands.

4. In *Lamprey* v. *Whitehead, 64 N. J. Eq. (19 Dick.) 408,* I was obliged to consider the true construction of that section in the light of the decision in *Hopper* v. *Demarest,* but with reference to a situation which had not been disposed of by that decision. I held that the estate of a child of the life tenant must be considered to be so vested as to be a subject of conveyance, but that in pursuance of the express provision of the last clause of section 10 such an estate would be divested by the death of a child during the life of the life tenant, leaving a child or children.

5. It is impossible not to give the same construction to the identical words of section 11 in the same act, and it follows, in my judgment, that (*a*) any child who has survived the life tenant

is no longer subject to any contingency, but his or her estate has become absolute; (*b*) any child who died before the life tenant, leaving children, was divested of her estate in favor of the children; and (*c*) any estate so vested in a child (though subject to be divested) might be the subject of a conveyance by deed or will and would pass by descent. If not divested by the happening of the contingency contemplated by the statute, viz., death during the life of the life tenant leaving a child or children, the grantee, devisee or heir-at-law of such child would become entitled thereto.

The report proceeds upon the theory that only the surviving children of Jasper A. Cadmus and the children of a deceased child, who died in his lifetime, are entitled to distribution. As this, in my judgment, is erroneous, the exception must be sustained and the matter referred to the master to report how the fund should be distributed, and to whom, upon the principles above stated.

The only remaining exception is that directed to the finding of the master to the effect that Sarah M. Cadmus, the widow of Jasper A. Cadmus, was entitled to a dower right in the lands and is entitled to such right in the fund, and to his report that one-third of the fund should be retained in this court and the income thereof paid to her during her life.

Assuming that the estate devised to Jasper has been treated, and rightly treated, in this court, as an estate tail, subject to the provisions of the eleventh section of the Descent act, it follows that the widow of the life tenant was entitled to dower therein, because that section expressly gives it to her, and the report must be confirmed unless some of the contentions of the exceptants are good.

It is first contended that the act under which these lands have been sold impliedly repeals the provisions of section 11 of the Descent act, so far as dower is concerned, because the dower right is not expressly excepted from the provisions of the act or saved from a sale thereunder, and because, by reason of the sale, that was made by order of the court; Jasper did not die seized of the lands. This contention is wholly inadmissible, for the provision for distribution of the fund, made by section 6 of

the act, requires the proceeds of the sale to go to anyone holding the absolute fee or any share therein after the death of the life tenant. In my judgment, the dower right would be a share in the fee within the meaning of that section, and it is hardly necessary to point out that the proviso of section 11 giving a right of dower does not require that the life tenant should die seized of the property, but only that the dower granted should be such as a widow would have if the husband died seized in fee-simple.

It is next contended that the life tenant made provision for his widow by way of jointure, and that she is thereby barred of her right of dower. The petitioners presented evidence that during Jasper's lifetime he made conveyances of lands other than those comprised in the sale in this matter, for a nominal consideration, to two parties, viz., Young and Fleming, and that each of these parties, by deeds of even date with the conveyances to them, reconveyed the same lands to Jasper and his wife (his present widow), for a nominal consideration, *habendum* to them, their heirs and assigns.

The contention is that by the provisions of section 10 of the Dower act (*2 Gen. Stat. p. 1277*), which provisions, in the main, are taken from the similar provisions of the statute of uses of *27 Hen. VIII. c. 10*, the deeds put in evidence justified the inference that the lands thereby conveyed were intended, so far as his wife was concerned, as a gift to her, and so to have barred her from dower in other lands. That such conveyances still pass an estate, with right of survivorship in the widow, is settled. *Buttlar* v. *Rosenblath, 42 N. J. Eq. (15 Stew.) 651; Vunk* v. *Raritan River Railroad Co., 56 N. J. Law (27 Vr.) 395.* But the deeds do not express that they were made or taken for a jointure for her, nor that they were made in satisfaction of the wife's inchoate dower or any part thereof. That some expression of this intent was necessary to make a good jointure, has always been recognized by commentators upon the provisions of the statute of uses, and while at one time it was said that the jointure must either be expressed or be averred to be in satisfaction of her dower, it was, after the enactment of the statute of frauds,

adjudged and determined that the jointure must be expressed
to be in satisfaction of dower. *2 Bl. Com. 138, and notes; Co.
Litt. 36b; 14 Vin. Abr. 545; Tinney* v. *Tinney, 3 Atk. 8;
1 Washb. Real Prop. ch. 8.* The gratuity to the wife indicated
by these deeds, not being expressed to be in satisfaction of the
wife's dower, she is not barred thereby of her dower in other
lands.

It is further urged, as a bar to the dower of the widow, that
the life tenant, Jasper A. Cadmus, conveyed all these lands to
Rufus Story and Albert Zabriskie, and that his wife joined with
him in the conveyance, but I find no evidence in this case that
justifies me in considering this objection. The deed from Cad-
mus to Story and Zabriskie is not before me, and there is a fair
inference, from what is stated in the original petition, that it
was executed, not by the widow who is now claiming dower, but
by the then wife of Jasper A. Cadmus, who was the mother of
the children who claim distribution of this fund. If I assume
that Jasper A. Cadmus made a conveyance of these lands, it is
obvious that the only title which passed thereby was one for his
life. Whether or not his then wife, joining with him, released
her dower so as to be debarred from afterward claiming it under
the provisions of section 11, if she had survived her husband, is
open to question. It seems that in New Jersey the wife's dower
may be barred by her joining in her husband's deed, although the
person who claims the dower is not in privity with the grantee
in such deed. *Frey* v. *Boylan, 23 N. J. Eq. (8 C. E. Gr.) 90;
Boorum* v. *Tucker, 51 N. J. Eq. (6 Dick.) 149; S. C., 52 N. J.
Eq. (7 Dick.) 587; Goodheart* v. *Goodheart, 63 N. J. Eq. (18
Dick.) 746.* But it is also asserted that whatever estate was
conveyed to Story and Zabriskie was afterward reconveyed to
Jasper A. Cadmus, and the dower right was revived or rein-
stated. But these deeds are not in evidence.

As this case must go back to the master for consideration, I
am disposed to permit petitioners to supplement their evidence
so as to raise the question whether the widow's dower is barred
by the conveyance to Story and Zabriskie, and as to the effect of
the alleged reconveyance.

The master has stated that a distributive share belongs to children who are minors. There can be no question, upon the proofs, that the minors are entitled thereto. But the master has reported that it should be paid to their guardian appointed by the orphans court, who is one of the petitioners as such guardian. As the matter is to be reconsidered, I will permit petitioners to be heard on the question whether the amount of the respective distributive shares can be adjudicated upon unless the infant children are brought into court by a guardian *ad litem,* and whether the guardian appointed by the orphans court may claim the infants' share in the fund or whether it ought to remain in this court until the infants, respectively, reach full age.

I deem it proper to add that, in my judgment, this petition should have been filed in the original cause, and not as a separate proceeding. A separate proceeding probably should have been by bill.