ERNEST R. ACKERMAN et al., surviving trustees, &c.,

*v.*

CAROLINE E. ACKERMAN et al.

[Decided March 15th, 1913.]

1. The bill is for the construction of the will of Warren Ackerman, and to settle the accounts of the complainants, the surviving trustees. The will directed that the widow of the testator should have all his real property and certain tangible personal property for life. The testator then devised and bequeathed all the rest, residue, and remainder of his property to the trustees under the will in trust, to divide the same into eleven shares, one for each of his brothers, sisters, nephews, and nieces who survived him, and to pay the income from each share to the beneficiary for life, and on the death of the beneficiary, "to pay the principal of said shares so set apart for that brother, sister, nephew, or niece as

he or she may direct by his or her duly executed will and testament, and, in default of any such will to pay the same to the heirs or next of kin of such brother, sister, nephew or niece, in accordance with the laws of the State of New Jersey in case of intestacy. The widow died June 16th, 1907. Theodore J. Ackerman, one of the *cestuis que trustent*, died January 8th, 1911. The fifth paragraph of Theodore's will reads as follows: "All the rest and residue of my property, of whatsoever the same may consist or wheresoever the same may be situated, I give to the New Haven Trust Company of New Haven, Connecticut, in trust, however, to pay over the income to my wife, Ellen D. Ackerman, and my daughter, Caroline E. Ackerman, during their lifetime, share and share alike, and upon the death of either of them the whole of the income is to be paid to the survivor." Caroline survived her mother and now claims that her father, by his will, failed to execute the power, and that in default of such exercise she is entitled to the capital of the trust fund as heir and next of kin of her father.—*Held*, that Theodore did not, by his will, exercise the power of direction given him by the will of Warren Ackerman, and that Caroline is therefore entitled to one-eleventh of the trust fund.

2. Ezra P. Hoyt married one of the beneficiaries under the will of Warren Ackerman and she left him her interest in the trust fund. Hoyt then married a sister of his deceased wife, who was also a beneficiary under the will, and she executed the power in his favor to the extent of nearly one-quarter of her interest in the trust fund. Hoyt died leaving a will, the nineteenth paragraph of which reads as follows: "I give and bequeath to J. Ackerman Coles, so long as he shall live, the interest and income of all and singular the rest, residue, and remainder of my estate, real, personal or mixed, of every kind, nature and description, wheresoever situate, after paying from said interest and income the annuities hereinabove provided for, and the expenses of the administration of my estate." J. Ackerman Coles is also appointed the executor of the will of Hoyt and the twenty-second paragraph directs that no security shall be required from any executor of the will in any state, the will being executed in New York.—*Held*, that J. Ackerman Coles is entitled to receive and take into his possession the proportions of such proceeds of sale directed to be paid to said Ezra P. Hoyt by the wills of Mary S. Hoyt and Maria Ackerman Hoyt, and that there must first be granted to him ancillary letters testamentary in this state.

---

On final hearing on bill, answer and proofs.

*Messrs. McDermott & Enright*, for the complainants.

*Mr. George Holmes, Mr. George R. Beach, Mr. Thomas Mills Day, Messrs. McCarter & English*, and *Messrs. Nelson & William N. Runyon*, for the defendants.

LEWIS, V. C.

The bill is filed by the complainants for the construction of the will of Warren Ackerman, and a settlement of their accounts as trustees under that will.

Warren Ackerman died a resident of Scotch Plains, Union county, New Jersey, on August 26th, 1893. The significant sections of his will read as follows:

"*First.* I give and devise to my beloved wife, Lydia Platt Ackerman, for and during her natural life, all the real estate, wheresoever situated, and of which I may died seized, possessed of, or entitled to. I also give and bequeath to my said beloved wife, for and during her life, all my household articles, furniture, fixtures, portraits, works of art, books, plate, silver and table furniture, wherever the same may be situated. The foregoing devise and bequest to my said beloved wife is made on the condition that it be accepted by her in lieu of all dower and thirds in my estate.

"*Sixth.* I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal of which I may die seized, possessed of or entitled to, and wherever the same may be situated to my beloved wife Lydia P. Ackerman, my brother Theodore J. Ackerman and my nephews Ernest R. Ackerman, Marjan S. Ackerman and Jonathan A. Coles as trustees upon the following trusts and for the following purposes, that is to say: in trust to divide the same into as many shares as I may have brothers and sisters, nephews and nieces who shall survive me or who dying during my lifetime shall leave issue who shall survive me and to set apart for each of such of my brothers and sisters and nephews and nieces as shall survive me one of said shares and to pay the income derived from such share to him or her during his or her natural life as the case may be and on the death of my brother and each one of my nephews and nieces who may survive me to pay the principal of said shares so set apart for that brother, sister, nephew or niece as he or she may direct by his or her duly executed will and testament and in default of any such will to pay the same to the heirs or next of kin of such brother, sister, nephew or niece, in accordance with the laws of the State of New Jersey in case of intestacy.

"*Eighth.* For the purpose of carrying out the trusts herein created and for managing the trust property I give to my trustees hereinbefore named, and to such of them as shall act as such trustees, and the survivors or survivor of them and their successor in said trust, full power and authority to sell and convey any part of the whole of said trust property at public or private sale to execute acknowledge and deliver good valid and sufficient deeds and instruments for conveying and vesting the title of the same in the purchasers thereof and to re-invest the proceeds derived from such sale or sales in such other securities as the law of the State of New Jersey shall make it lawful for trustees to invest trust funds in."

The widow died June 16th, 1907. Four of the eleven trusts have terminated through the decease of the life beneficiaries, among them the trust created for Theodore J. Ackerman, who died January 18th, 1911, a resident of New Haven, Connecticut, who, by his will, made certain bequests and devises, and then provided as follows:

> "*Fifth.* All the rest and residue of my property, of whatsoever the same may consist, or wheresoever the same may be situated, I give to the New Haven Trust Company of New Haven, Connecticut, in trust, however, to pay over the income to my wife, Ellen D. Ackerman, and my daughter, Caroline E. Ackerman, during their lifetime, share and share alike, and upon the death of either of them, the whole of the income is to be paid to the survivor.
>
> "*Seventh.* All the rest and residue of my estate, upon the termination of said trust, I desire to have distributed pursuant to the statute laws of the State of Connecticut to my next of kin, with the exception of my niece, Lydia P. Murphy, of Plainfield, New Jersey, to whom I give the sum of one dollar only."

The defendant, the Union and New Haven Trust Company, is the same company which is named in Theodore's will as the "New Haven Trust Company," and is the executor and trustee under Theodore's will.

Theodore's wife died intestate, August 23d, 1911, and their daughter, Caroline E. Ackerman, was appointed administratrix of her estate. The Union and New Haven Trust Company has filed its answer, together with matters in the nature of a cross-bill, exhibited against the complainants and the defendant, Caroline E. Ackerman, and Caroline E. Ackerman as administratrix of her mother's estate. Answers to the bill and cross-bill have been filed by the defendants, and issue has been duly joined.

The first question that will be dealt with is, to whom the capital of that share of Warren Ackerman's estate that was held in trust for his brother, Theodore J. Ackerman, shall now be paid, as well as any future moneys that may arise from sales or property that form part of such share.

Caroline asserts that this fund must be paid to her, as she, under Warren Ackerman's will, is absolutely entitled to it as the only heir and next of kin of Theodore J. Ackerman, her father, as he did not exercise the power of direction given him by Warren Ackerman's will.

The Union and New Haven Trust Company, executor of Theodore's will, on the contrary, claims that Theodore did exercise the power and appointed it by his will to receive it, in trust, for the life of Caroline and her mother, and on the death of Caroline and her mother, to distribute the same amongst the next of kin of Theodore J. Ackerman, pursuant to the seventh paragraph of his will.

There is no doubt that Theodore J. Ackerman had, in his own right, more than sufficient real and personal property to fulfill all the provisions of his will.

In every part of his will he speaks of the property he devises as "my property."

There is nothing in his will, in order to fulfill it, that would require a resort to the trust fund in question.

It makes no reference whatever to Warren's will, or the power, nor to any estate or property that was Warren's.

The English rule, prior to the adoption of the statute on the subject, appears to have been, in brief, that the intention to execute a power of appointment by will must appear by a reference in the will to the power, or to the subject of it, or from the fact that the will would be inoperative without the aid of the power. This rule was abolished in England in 1837 by the statute of wills, and under that statute the law now is, in England, that a general devise or bequest should be construed to include any real or personal estate of which the testator has a general power of appointment, unless a contrary intention should appear by his will. By statute this is also the law of the State of New York.

Under the New Jersey decisions, it is quite clear that Theodore J. Ackerman cannot be adjudged to have executed the power under his brother Warren's will, for the reason that there is no evidence whatever of his intention to do so, either by a reference in the will to the power, or to the subject of it, or from the fact that the will would be inoperative without the aid of the power, nor is there anything in the will from which an intention to execute the power can be gathered. It is true that Theodore placed his own individual property in the hands of a trustee for the benefit of his wife and daughter, and a guess

might be hazarded from that fact, that he did not intend to allow his daughter, Caroline, to come into full and immediate possession of the share of the trust fund under Warren Ackerman's will, and if this were a case of first impression I should so hold. See *Wooster* v. *Cooper, 59 N. J. Eq. (14 Dick.) 204; Meeker* v. *Breintnall, 38 N. J. Eq. (11 Stew.) 345; Munson* v. *Berdan, 35 N. J. Eq. (8 Stew.) 377; Den* v. *Crawford, 8 N. J. Law (3 Halst.) 109; Lippincott* v. *Stokes, 6 N. J. Eq. (2 Halst.) 151; Cueman* v. *Broadnax, 37 N. J. Law (8 Vr.) 508; Lee* v. *Simpson, 134 U. S. 589.*

The next question to be decided is whether there was an equitable conversion of the realty.

"If the spirit of the whole direction of a will clearly exhibits that the testator intended that his real estate should, in all events, be converted into money, then, notwithstanding discretion may have been given to his children as to the time when the sale would take place, the real estate must be considered as converted into money from the testator's death." *Crane* v. *Bolles, 49 N. J. Eq. (4 Dick.) 373.*

Warren Ackerman left a large amount of real property in the State of New York as well as in the State of New Jersey.

I think that there was an equitable conversion of all the realty of which Warren Ackerman died seized, and that, as Theodore J. Ackerman did not execute the power, the trustees should be advised and directed to pay to Caroline E. Ackerman the principal of the trust share which was or should have been set apart for her father, and any accumulated income thereon since his death, as well as one-eleventh of all moneys which may be realized in the future from unsold property, and one-eleventh of the net rents and profits thereof from her father's death, as well as any moneys or property, if any, that ought to have been held by them for the benefit of her father, and income accrued after his death. The next question concerns the construction of the will of Ezra P. Hoyt, the nineteenth paragraph of which will reads as follows:

"I give and bequeath to J. Ackerman Coles, so long as he shall live, the interest and income of all and singular the rest, residue and remainder of my estate, real, personal or mixed, of every kind, nature and description, wheresoever situate, after paying from said interest and income the annuities hereinabove provided for, and the expenses of the administration of my estate."

The J. Ackerman Coles mentioned is appointed executor of the will.

Ezra P. Hoyt married Mary S. Hoyt, a sister of Warren Ackerman, and one of the eleven *cestuis que trustent* under the will of Warren Ackerman, and by her last will and testament she left everything to her husband, except some bequests which have been paid, including all her right, title and interest in the estate of Warren Ackerman, and appointed Ezra P. Hoyt the executor.

That after the death of Mary S. Hoyt, her sister Maria intermarried with the same Ezra P. Hoyt, Maria also being one of the *cestuis que trustent* under the will of Warren Ackerman. By her last will and testament, Maria left to her husband, Ezra P. Hoyt, a one-fourth share of the property held in trust for her under the provisions of the said will of Warren Ackerman, less certain legacies, or a certain proportion of said legacies.

The question is whether the trustees under the will of Warren Ackerman shall pay over to J. Ackerman Coles, individually, as being the person entitled to the interest and income of the same for his life under the nineteenth paragraph of Ezra P. Hoyt's will, or should be paid over to him as executor, or whether the same should be retained by the trustees during the lifetime of said J. Ackerman Coles, and the income thence arising paid to said J. Ackerman Coles during his lifetime, and upon his death pay the same to the person or corporations entitled, or to become entitled, to the same under the provisions of the said last will and testament of Ezra P. Hoyt.

My view is that J. Ackerman Coles is entitled to receive and take into his possession the proportions of such proceeds of sale directed to be paid to said Ezra P. Hoyt by the wills of Mary S. Hoyt and Maria Ackerman Hoyt, as the executor of the will of Ezra P. Hoyt, and not individually, and that there must first be granted to him ancillary letters testamentary in this state.

Permission to account in this court was allowed at the hearing.