This is a bill filed to quiet title to two tracts of land on Nassau street, in the city of Newark. Tract A is derived from the will of Daniel Sketchley. His will disposed of his estate as follows:
"Secondly. All my estate, real and personal, wheresoever and whatsoever [remaining after the payments above mentioned], I give, devise and bequeath to my beloved wife, Mary A. Sketchley, for and during her natural life, and upon her decease, I give and bequeath the same to my three children, James B. Sketchley, Mary A. Witheridge [wife of Charles Witheridge] and Daniel E. Sketchley, in such proportions thereof to my said children, respectively, as my said wife may in and by her last will and testament provide." *Page 132 
This clearly gives a life estate to Mary A. Sketchley with a vested remainder in her three children, subject, however, to be divested, as to proportionate parts only by her last will. In other words, Mary could, in her last will, provide in what proportion these three children should take, provided all three were in some measure considered, or it may be she could exclude one or more entirely. The daughter Mary died in her mother's lifetime, childless, leaving a will. Did Mary, the mother, exercise this power of proportionate division? Her will provides: "I give, devise and bequeath to my son James B. Sketchley all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever the same may be situate, to him, his heirs and assigns forever." No mention is here made of any power of appointment. Mary, the mother, owned no real estate in her own right. I am of the opinion that she did not exercise the power of appointment given to her under her husband's will.
The general rule is that in the exercise of a power the donee of such power must refer to or otherwise indicate an intention to exercise such power. This rule is expressed by Vice-Chancellor Backes in the case of Farnum v. Pennsylvania Ins. Co., 87 N.J. Eq. 108,
affirmed by the court of errors and appeals on the opinion below at 87 N.J. Eq. 652. The learned vice-chancellor says:
"Whether Mrs. Batterson executed the power in the manner prescribed, depends upon her intention to exercise it, which intention, in some form of expression, must be found in her will. The intention to execute a power must always appear in its execution either by express terms or recitals, or by necessary implication. A reference to the instrument by which the power is given is, indeed, not necessary to demonstrate the intention to execute such a power, but it must appear from the will that the intention existed. It need not appear by express terms or recitals in the instrument; it is sufficient if the act shows that the donee had in view the subject of the power. Meeker v.Breintnall, 38 N.J. Eq. 345. If the quest were to be confined to an inspection and consideration of the will and codicils, there *Page 133 
would be no difficulty in reaching the conclusion that they evince no intention to dispose of the property, the subject of the power. No allusion whatever is made in the many items of the will and codicils to the fund or the testatrix's control over it. By each of the items a specified sum of money is bequeathed, referable, prima facie, to her own private fortune, and by the residuary clause `the rest, residue and remainder of my estate' is disposed of. A general devise or bequest by the donee of a power in which the testator refers to the property devised or bequeathed as his property has been repeatedly held not to be an exercise of the power." Wooster v. Cooper, 59 N.J. Eq. 204;Meeker v. Breintnall, supra; Ackerman v. Ackerman, 81 N.J. Eq. 437; Lee v. Simpson, 134 U.S. 572; Patterson v. Wilson,64 Md. 193. See, also, Mason v. Wheeler, 19 R.I. 21
(31 Atl. Rep. 426).
Therefore this property, having vested in the three children, should be divided one-third to each of the living children and the remaining one-third to pass by the will of the deceased child.
Tract B is derived from the will of James Bishop, which provided:
"Sixth. I give and devise unto Mary Ann, wife of Daniel Sketchley, the tract of land and premises situate on the south side of Nassau street, in the city of Newark. Said tract of land bounded on the north by Nassau street, on the west by Sheffield street, on the south by Morris and Essex railroad and on the east by Boyden street, to have and to hold the same during her natural life, and, on her decease, I give and devise the same to her heirs-at-law, share and share alike."
Section 10 of the Descent act is as follows:
"That in case any lands, tenements, hereditaments or real estate, situate, lying and being in this state, shall hereafter be devised by the owner thereof to any person for life, and at the death of the person to whom the same shall be so devised for life, to go to his or her heirs, or to his or her issue, or to the heirs of his or her body, then and in such case, after the death of such devisee for life, the said lands, tenements, hereditaments or real estate shall go to and be vested in the children of such devisee, equally to be divided between them as tenants in common in fee, and if any child be dead, the part which would have come to him or her shall go to his or her issue in like manner." *Page 134 
The last clause of this section should be noted, viz., "if any child be dead, the part which would have come to him or her shall go to his or her issue in like manner." It should be remembered that Mary, the daughter, died in her mother's lifetime, childless, leaving a will. This contingency is considered and decided in Dowe's Case, 68 N.J. Eq. 11, where the court, speaking through Chancellor Magie, says:
"The language of section 11, describing the estate of those who are to take after the death of the life tenant, is identical with the language used in section 10, which prescribes the mode in which titles formerly affected by the rule in the Shelley'sCase should pass. In Hopper v. Demarest, 22 N.J. Law 599, the language of section 10 was construed as vesting in the children of a life tenant an estate in the lands. In Lamprey v.Whitehead, 64 N.J. Eq. 408, I was obliged to consider the true construction of that section in the light of the decision ofHopper v. Demarest, but with reference to a situation which had not been disposed of by that decision. I held that the estate of a child of the life tenant must be considered to be so vested as to be a subject of conveyance, but that in pursuance of the expressed provisions of the last clause of section 10, such an estate would be divested by the death of a child during the life of the life tenant leaving a child or children. It is impossible not to give the same construction to the identical language of section 11 in the same act, and it follows in my judgment that (a) any child who has survived the life tenant is no longer subject to any contingency, but his or her estate has become absolute; (b) any child who died before the life tenant, leaving children, was divested of her estate in favor of the children, and (c) any estate so vested in a child [though subject to be divested] might be the subject of a conveyance by deed or will, and would pass by descent. If not divested by the happening of the contingency contemplated by the statute, viz., death during life of life tenant leaving a child or children, the grantee, devisee or heir-at-law of such child would become entitled thereto." *Page 135 
I, therefore, find as to this tract that one-third should go to each living child and the remaining one-third should pass under the will of the deceased child.