The bill and information filed in this cause seek a construction of the will of Cornelius R. Van Doren, late of Forked River, Ocean county, New Jersey, who died on March 17th, 1894.
The facts of the matter, stipulated and agreed upon by the parties, are, briefly, these: By his will, the testator Cornelius R. Van Doren devised his real estate to his wife, Lydia A. Van Doren, for life, provided for certain pecuniary bequests to take effect at her death, and disposed of his residuary estate in the following language:
"All the rest and residue of my estate real, personal and mixed, after my wife's decease and all moneys from mortgages or otherwise collected after the above bequests are made I bequeath to the `American Board of Home Missions.'"
Lydia Van Doren and Joseph C. Lonan were appointed executors of the will, under which they had the power to sell any or all of the real estate of the testator if they thought it "for the benefit and best interest" of testator's wife, she to receive the interest on the proceeds of such sale. Joseph C. Lonan died on March 20th, 1921. Subsequently, by general warranty deed, Lydia Van Doren, on March 15th, 1924, conveyed certain of testator's real estate, hereinafter to be referred to as the "Lacey Road property," to James R. Lane, in fee, for a consideration of $60. The deed was executed in the individual name of Lydia Van Doren, and no reference was made to the fact that she was executrix of the will of Cornelius Van Doren with power to sell. Five years later, in 1929, James R. Lane, the above named grantee, conveyed the same property by general warranty deed to the Barnegat Pines Realty Company, Inc., a defendant in the present litigation, for a consideration of $1,900. Meanwhile, on October 9th, 1926, Lydia Van Doren died, and the defendant Edward P. Saltmer was appointed administrator cum testamento annexo of the estate of Cornelius Van Doren.
A sale of the Van Doren homestead, the solitary asset of the estate, failed to produce sufficient funds to pay in full the several bequests set forth in testator's will to be paid out *Page 35 
of the estate upon the death of his wife. Under such circumstances no residuary estate existed. The purpose of this bill is to have the "Lacey Road property" adjudged an asset of the estate, to be distributed among the specific and residuary legatees. It is the contention of the complainants that the conveyance of the "Lacey Road property" was not in execution of the power of sale vested in Lydia Van Doren, but merely passed the life interest of the grantor in the property; that therefore the subsequent conveyance in 1929 to the defendant was of no effect and that the property is to be now considered an asset of the estate to be accordingly distributed among the legatees, with remainder to either, or both, of the complainants, the Congregational Home Missionary Society or The Board of Home Missions of the Presbyterian Church in the United States of America, respectively.
The questions, thus presented, are two-fold: To whom did the testator intend his residuary estate to pass: and of what effect was the conveyance of the "Lacey Road property" by Lydia Van Doren?
The testator, Cornelius R. Van Doren, was a Presbyterian, and a member of the First Presbyterian Church of Forked River, from March 8th, 1877, until his death on March 17th, 1894. This church was affiliated with, and part of, the Presbyterian Church in the United States of America. At the time of the execution of testator's will, on August 4th, 1893, there was in existence no organization by the name of "American Board of Home Missions," which the testator described as his residuary legatee. There existed, however, The American Home Missionary Society, and The Board of Home Missions of the Presbyterian Church in the United States of America. The latter was, and still is, the official organization of the Presbyterian Church in the United States of America, entrusted with the conduct and supervision of home missions throughout the United States, and to it alone, the First Presbyterian Church of Forked River contributed during the time testator was a member of the church.
Although the testator failed to correctly describe an existing home missions society, it is clearly evident he intended *Page 36 
the residuum of his estate to pass to a charitable use. I am of the opinion that The Board of Home Missions of the Presbyterian Church in the United States of America is the intended residuary legatee. The fact that testator was a member of the Presbyterian Church which was always a regular contributor to that board; and that this board was, and still is, the only organization of its kind associated with the Presbyterian Church in the United States of America, are persuasive, and to my mind indicate rather clearly that the testator intended the Board of Home Missions of the Presbyterian Church in the United States of America to be his residuary legatee. There is nothing in the case to indicate that he could by any possibility have intended any other organization as such beneficiary. His intent must be carried out in the construction of his will and the misnomer of the charity intended must not be allowed to defeat the legacy where the description of the person who was intended to be named or described is not susceptible to a reasonable doubt. My conclusions to this effect were announced at the close of the final hearing and they are supported by the following authorities: Smith's Executrix v.The First Presbyterian Church of Bloomsbury, 26 N.J. Eq. 132;Van Nostrand v. Board of Domestic Missions of the ReformedChurch in America, 59 N.J. Eq. 19; Caldwell National Bank v.Rickard, 103 N.J. Eq. 516; New Jersey Title Guarantee and TrustCo. v. American National Red Cross, 111 N.J. Eq. 12.
At the time of the death of Lydia Van Doren, the Van Doren homestead was the sole asset of testator's estate (assuming the prior conveyance of the "Lacey Road property" to have conveyed the fee) and its sale failed to produce sufficient funds to meet various expenses and to pay in full the specific legacies of testator's will. But it is the contention of the complainants that the "Lacey Road property" was an asset of the estate at that time and should now be so considered. The basis of the contention is that the conveyance of this property by Lydia Van Doren passed but her life interest in the property, notwithstanding the fact that the deed of conveyance was a full covenant warranty deed purporting to pass *Page 37 
the entire fee; and the reasons advanced are that Lydia Van Doren executed the deed in her individual name, and not as executrix with power to sell the property, and received a consideration of but $60, this being an indication of an intent on her part to convey but her life estate and not the fee, in view of the fact that the same property sold for $1,900 five years later. On the other hand, the defendants contend that the failure of Lydia Van Doren to execute the deed as executrix of the decedent's estate and to refer to her power of sale as executrix in the deed is not an indication of any intent on her part to execute the power, and that, where an instrument cannot be given effect except as an execution of a power, it will be presumed to have been in execution of that power and given that effect accordingly.
The question whether an instrument is in execution of a power or not depends solely upon the intent of the donee. This intent must clearly be shown in the instrument purporting to execute the power. Lindley v. O'Reilly (Court of Errors and Appeals),50 N.J. Law 636, 650; Farnum v. Pennsylvania Co., 87 N.J. Eq. 108;affirmed, Ibid. 652; Sketchley v. Campton, 99 N.J. Eq. 131.
It is not necessary that the power should be referred to in the instrument to effect an execution, where the intent is otherwise manifested, it being sufficient if the power exists and is intended to be executed. Den, ex. dem. Micheau v. Crawford,8 N.J. Law 90, 103; Cueman v. Broadnax (Court of Errors andAppeals), 37 N.J. Law 508, 513; Munson v. Berdan, 35 N.J. Eq. 376; Meeker v. Breintnall, 38 N.J. Eq. 345; Wooster v.Cooper, 59 N.J. Eq. 204, 223; Ackerman v. Ackerman, 81 N.J. Eq. 437; Paul v. Paul, 99 N.J. Eq. 498.
The proof of such intention to execute a power is of vital importance and the donee, in the absence of statute, must not leave it uncertain whether or not his act is done in execution of his power. Lippincott v. Stokes, 6 N.J. Eq. 122, 151; Robeson
v. Shotwell, 55 N.J. Eq. 318, 327; affirmed (sub nom. Howell
v. Shotwell), Ibid. 824.
The power to sell testator's real estate was vested in Lydia Van Doren and a co-executor. By express terms of the will, *Page 38 
Lydia Van Doren was given a life estate in all testator's real estate. Her power was thereby coupled with an interest in said real estate and the general rule is that a deed or other instrument executed by such donee of a power, without reference to the power, passes only that estate or interest he could rightfully convey without the power. 49 C.J. 1293 § 125;91 A.L.R. 426, 468. But where one who has both an estate in and a power over property executes a conveyance of the fee which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of the ownership, the conveyance will be referred to the power, the purpose being to carry out the intent of the parties. Headley v.Indianapolis S.R. Co., 58 Ind. App. 592; 108 N.E. Rep. 593;Hall v. Preble, 68 Me. 100; Chase v. Ladd, 155 Mass. 417;29 N.E. Rep. 637; Lord v. Roberts, 84 N.H. 517; 153 Atl. Rep. 1;Vines v. Clarke, 97 N.Y. Supp. 532; 49 C.J. 1294;91 A.L.R. 472. And this, moreover, is in accord with the rule as stated by Sir Edward Sugden:
"Where a man has both a power and an interest, and he creates an estate which will not have an effectual continuance in point of time if it be fed out of his interest, it shall take effect by force of the power. As, where a tenant for life, with power of leasing, grants a lease for a term absolute, without referring to or mentioning his power, the lease, if it be supplied out of his interest, would expire with his life, and it shall therefore operate as an execution of the power." 1 Sugden, Powers (3dAm. ed.) 465.
In accord with this principle are Wooster v. Cooper, supra;Ackerman v. Ackerman, supra; Lippincott v. Haviland, 93 N.J. Eq. 585; Paul v. Paul, supra; Camden Safe Deposit and TrustCo. v. Fitler, 123 N.J. Eq. 245; Methodist Episcopal Home forthe Aged v. Tuthill, 113 N.J. Eq. 460; 21 R.C.L. 798. These cases involve the execution of powers in wills, but I apprehend that the doctrines evolved should likewise apply to the execution of powers in deeds and other instruments. Whatever the form of the instrument, it is always a question as to the donee's intent. I have found no *Page 39 
case in New Jersey parallel with the case at bar, nor have counsel referred to any, with the exception of Dougherty v.Connolly, 61 N.J. Eq. 421. It is distinguishable, however, There a full covenant warranty deed executed by an executrix, having a power coupled with an interest, was set aside because of fraud against the estate and not because of a faulty execution of the power to convey the fee. In the case at bar, $60 is the stated consideration in the deed from Lydia Van Doren to James Lane, and, in the absence of any showing of gross inadequacy amounting to fraud, the stated consideration is deemed a fair consideration for the estate conveyed. There is no evidence whatever touching the reasonableness of the stated consideration, but it is a well known fact that the period between the date of the Van Doren deed in 1924 and the conveyance by Lane in 1929 was one of marked inflation in real estate as well as other values and a sale of the same property for $1,900 in the latter year is not conclusive of inadequacy of sales price in 1924.
The precise question of the present controversy was dealt with by the court of appeals of Maryland in Reeside v. AnnexBuilding Association, 167 Atl. Rep. 72, wherein a devise of a life estate in certain property was made, coupled with a power to convey the fee. The donee executed a mortgage in the usual form, with habendum clause in fee, c. No specific reference to the donee's power was made. Said the court:
"Where a person having power to convey a fee-simple estate, and also having the life estate or other interest, executes a conveyance of the fee, the conveyance will be referred to the execution of the power, and it must be held that it was an execution of the power, because otherwise it cannot take full effect according to its terms."
The conclusion seems inescapable that it was the intent of Lydia Van Doren, when she executed the full covenant warranty deed, to convey the entire fee and not merely her life estate. To hold otherwise would be to declare that the grantor did not intend to convey the estate the deed engages her to do and that the grantee meant to receive a less estate than that which the deed purports to convey. It would also involve *Page 40 
the absurdity of assuming that the grantor intended to charge herself with the liability upon her covenants of warranty in a case where there rested upon her not the slightest obligation to take upon herself any such responsibility. South v. South,91 Ind. 221; 46 Am. Rep. 591. "And * * * an intent, apparent upon the face of the instrument, to dispose of all the estate, would be deemed a sufficient reference to the power to make the instrument operate as an execution of it, inasmuch as the words of the instrument could not otherwise be satisfied." 1 Sugden,supra, 460.
The deed from Lydia Van Doren was made in execution of her power to convey the fee and the subsequent conveyance to the defendant Barnegat Pines Realty Co., Inc., likewise passed the fee. The property so conveyed is not, therefore, an asset of the estate of Cornelius Van Doren to be distributed among the specific and residuary legatees of his will.