Meeker v. Breintnall.

---

AUGUSTA N. MEEKER

v.

JOHN H. H. BREINTNALL et al., executors &c., et al.

A testatrix died possessed of a large quantity of real and personal property, which she owned independently of what she derived from her father's estate. Under her father's will she was entitled to a portion of his estate for her own life, with a power of disposing thereof by will among her children and grandchildren or some of them. By her will she gave to her daughter (the complainant) a life interest in one fourth of the residue of her estate.—*Held*, that as there is no evidence of testatrix's intent to execute the power under her father's will, and since the provisions of her will can be satisfied out of her own property, there can arise no presumption of such intent; her will cannot therefore be construed as an execution of that power; *held, also*, that the provisions of testatrix's father's will, limiting her interest in what might, under certain contingencies, fall to her from her brothers' shares, did not include what she inherited from her brothers as heir or next of kin.

---

Bill for relief. On final hearing on pleadings.

*Mr. H. M. Barrett* and *Mr. J. R. Emery*, for complainant.

*Mr. J. W. Taylor*, for defendants.

THE CHANCELLOR.

Sophia Augusta Breintnall, of the city of Newark, died November 20th, 1880. By her will, which is dated April 29th, 1876, after giving a legacy to a hospital, and providing for the payment of an annuity to a servant for life, she directed that the residue of her estate be divided into four equal parts, and gave one to her son, John H. Hobart Breintnall, and another to her son, Reginald Heber Breintnall. She then directed that another be retained by her executors and securely invested, and the income and interest paid by them to her grandson, George Kinney Breintnall, until he shall attain to the age of thirty years, and that on his arrival at that age, the principal be paid to him ; and she directed that the remaining one-fourth part be also retained by them and securely invested, and that the income and interest thereof be paid her daughter, the complainant, half-yearly, during her natural life. She then provided for the distribution of the principal of the annuity fund, on the decease of the annuitant, among the residuary legatees, in the same manner ; the complainant's share to be held and invested, and the interest paid to her for life, as before provided with regard to her share of the residue. After a provision limiting over the share of the grandson, in case of his death before attaining the age of thirty years, she directed that in case of the complainant's death without a child or children surviving, the principal sum of which she had given to her, the income should be paid to the testatrix's sons and her before-mentioned grandson, in equal shares. She then provided that should the grandson die without issue surviving him, his share should go to her two sons, and that should the complainant die leaving lawful issue surviving her, the share of which testatrix had given her the income should go to the issue. She then authorized and empowered her executors, or the survivors or survivor of them, to sell and convey all her real estate, whenever in their judgment it might be deemed best for the interest of her estate, or whenever it might be necessary for the purpose of settling the estate ; her children or either of them to have the preference over other parties to purchase it, or any part thereof. And to enable the executors to make proper convey-

ances of that real estate, she thereby vested in them the fee simple thereof. And she directed that the proceeds arising from the sales be distributed and held as thereinbefore provided, with regard to her estate in the residuary section.

The testator's father, George Nelson, died in Newark in 1828. He had three children, George Horatio, Sidney Smith and Sophia Augusta (Breintnall), the testatrix. By his will, after certain specific bequests, he gave his entire estate to his executors and trustees therein named, or the survivor of them, in trust for the purposes of the will. He directed that his estate be divided into four equal parts, and that the income of one be paid to his wife, so long as she should live and remain unmarried. On her death, that part was to be divided into three equal shares and held by the trustees; one share for each of his children on the same trusts and conditions which were declared in the will to govern the remaining three shares given to his children. Another of those shares was to be held in trust for his son George, to pay him an annuity of $800 out of the income, until he should attain the age of twenty-eight years, when the trustees might, in the exercise of the discretion given them, transfer and convey all or any part of it to him, or they might continue to hold it and only pay him the annuity. Another share was to be held in trust for his son Sidney, to pay him an annuity of $600 out of the income, until he should attain the age of twenty-one years, when it and its increase were to be paid or conveyed to him. The remaining share was to be held in trust for Mrs. Breintnall so long as she should live; she to receive the entire income thereof for her own use, free from any control of her husband, and, on her death, the trustees were to pay or transfer it to her children or child, if any she should leave surviving her, in equal shares if more than one, or in such manner and portions as she, by her last will and testament, or by any writing in the nature thereof, duly executed under her hand and seal in the presence of at least two credible witnesses, notwithstanding her then or any future coverture, might appoint and direct. In a subsequent part of the will, the testator amplified this provision by declaring it to be his will and inten-

tion, that she, in case she should die leaving issue surviving her, might, by such will or appointment, dispose of all or any part of the property and estate thereby given to or in trust for her, as she should think proper, to and among her children and grandchildren or some of them. The full text of the provisions of the will material to the consideration of this case, is as follows :

"*Eighthly.* All the rest and residue of my estate I order to be divided into four equal parts or shares, one of which parts or shares I give and bequeath to my executors hereinafter named, and to the survivors and survivor of them, in trust for my said wife, Elizabeth, so long as she continues my widow and unmarried, to collect and receive the dividends, interest and income thereof from time to time, as the same shall accrue, and account for and pay over to my said wife the said dividends, interest and income upon her own receipts therefor, or to permit her to receive the same for her own use during her widowhood, and from and after the decease or marriage of my said wife, then in trust for the purposes hereinafter expressed ;, one other of the said four shares or parts of such residue as aforesaid I give and bequeath to my said executors and to the survivors and survivor of them, in trust for my son, George Horatio Nelson, to collect and receive the dividends, interest and income thereof from time to time, as the same shall accrue, and pay to my said son, on his own receipts, quarterly at least, so much of the dividends, interest and income of his said share or part as shall amount to eight hundred dollars annually, until he attains to the age of twenty-eight years. And after my said son shall attain to the age of twenty-eight years, my executors and the survivors and survivor of them, are to continue to make the same payments out of the interest and income of the said trust estate to my said son, as they are directed to make before his arriving at that age, unless at his arriving at that age, or at any time thereafter, my executors and the survivors and survivor of them shall think the course of his life, habits and capacity for business of my said son to be such that he ought to be trusted with the possession and management of his own estate ; in which event, and upon my said executors the survivors and survivor of them, in the exercise of their discretion, thinking it safe, prudent and proper so to do, and not without, I authorize, direct and fully empower my said executors and the survivors and survivor of them, to pay over, transfer and deliver to my said son, George Horatio Nelson, at any time after his arriving at twenty-eight years of age, all the one-fourth part or share of my estate so placed in their hands in trust for him, to be his and to his use absolutely forever. And if my said executors and the survivors and survivor of them shall think it best, in their discretion, after my son, George Horatio Nelson, shall attain to the age of twenty-eight years, not to place him in possession of the whole of his share of the said residue of my estate, but of some part or portion thereof, I hereby fully empower and direct them so to

Meeker *v* Breintnall.

do.   And I do order and direct my said executors, the survivors and survivor·
of them, to keep the share of my estate so placed in their hands in trust for
my son, George Horatio Nelson, at interest, and to place out the surplus
amount of income arising therefrom, after paying the amount directed to be·
paid my son, at interest, either in public stock or in the stock of some re-
putable bank or banks or other incorporated institution, or on bond and mort-
gage, and suffer the same to accumulate for the benefit of my said son's share,
and to be disposed of by my said executors with the share of my said son as
that is herein directed to be disposed of, and constitute a part thereof.   One·
other of the said four parts or shares of the residue aforesaid I give, devise and
bequeath to my said executors and to the survivors and survivor of them, in
trust, that out of the dividends, interest and income thereof they will pay and
apply to my son, Sidney Smith Nelson, or to his lawful guardian, for his sup-
port, maintenance and education, the sum of six hundred dollars annually, in.
quarterly or semi-annual payments, until he shall attain to the age of twenty-
one years, and then in trust to pay over, transfer and deliver the whole of the·
said part or share, and the interest, income and increase thereof, to my said·
son, Sidney Smith Nelson, for his own use forever.   It being my will and in-
tention that all the interest and income of all the property and estate hereby
devised to or for the use of my said son, Sidney Smith Nelson, over and above
the said sum of six hundred dollars, shall accumulate for his benefit until he
shall attain the age of twenty-one years, when he is to be put in possession of
the whole in manner aforesaid.   The other fourth part of the residue afore-  ·
said I give, devise and bequeath to my said executors and to the survivors and
survivor of them, in trust, to receive and pay over all the dividends, interest.
and income thereof, from time to time, as the same shall arise, to my daugh-
ter Sophia Augusta, now the wife of the Rev. Thomas Breintnall, or to permit
her to receive the same for her own use during her natural life, and her re-
ceipts and vouchers therefor shall be valid and sufficient, notwithstanding her
present or any future coverture, and after her death, then in trust to pay,
transfer and deliver over the whole of the said share to her children or child,
if any she shall leave her surviving, share and share alike, if more than one,
or in such manner and portions as she, by her last will and testament, or by
any writing in the nature thereof, duly executed under her hand and seal in.
the presence of at least two credible witnesses, notwithstanding her present or
any future coverture, shall appoint and direct.   But if my said daughter shall
die without any child or children her surviving, or the issue of any child or·
children her surviving, then in trust to pay, transfer and deliver over the one
equal half of the property and estate hereby given to them in trust for my
said daughter to such person or persons, and for such use and uses, as my said
daughter, notwithstanding her present or any future coverture, shall, by her last
will and testament, or by any writing in the nature thereof, executed under the·
hand and seal, in the presence of at least two credible witnesses, direct and
appoint, and the other half to be equally divided between my said two sons,
George Horatio Nelson and Sidney Smith Nelson; and in case my said daugh-·
ter should happen to die without any child or children, or grandchild or grand-

Meeker *v.* Breintnall.

children her surviving, and without making any last will and testament, or appointment in the nature thereof, then in trust to transfer, convey and deliver the whole of the property and estate hereby given to or in trust for my said daughter to my said two sons in even and equal portions, share and share alike; provided, always, that if either of the two contingencies last aforesaid should happen before my son, George Horatio Nelson, shall have attained the age of twenty-eight years, or before my executors, in the discretionary power vested in them, shall have placed my said son in the full possession and enjoyment of all his share of my estate in manner before stated, then his part or share of the estate so given in trust for my said daughter shall continue in the hands of the said trustees and under their management and control, in the same manner as the rest of the property by this will given in trust for him; and, in like manner, if either of the said two contingencies shall happen before my son, Sidney Smith Nelson, shall have attained the age of twenty-one years, his share or part of the estate so given to or in trust for my said daughter shall continue in the hands of the said trustees and under their management and control for his benefit until he shall attain to the age of twenty-one years, at which period he shall be put into full possession and enjoyment thereof. And I hereby declare it to be my intention, and it is my will, that if any other or further part of my property or estate shall, by any provision herein contained, or in consequence of any event or contingency t⁴ℎ̸ℯ̸ may happen, come or fall to the share of my son, Sidney Smith Nelson, before he shall attain the age of twenty-one years, or to the lot or share of my son, George Horatio Nelson, before he shall attain the age of twenty-eight years, or before my executors, in the discretionary power vested in them, shall have placed my said son in the full possession and enjoyment of all his share of my estate in the manner before stated, although he may have arrived at that age, then the property or estate so coming or falling to them respectively shall be held by the said trustees in trust for their benefit respectively, my son, Sidney Smith Nelson, until he shall attain the age of twenty-one years, and my son, George Horatio Nelson, at all events until he arrives at twenty-eight years of age, and after that event until my executors consider it discreet and proper, as before stated, to place my said son in the full possession and enjoyment of all his share or portion of my estate, at which periods the same shall be paid over, transferred and delivered to them respectively, with the increase thereof, and if any other or further part of my property and estate over and above what I have hereinbefore expressly given to or in trust for my said daughter Sophia Augusta, shall by any provision herein contained, or in consequence of any event or contingency that may happen, fall or come to my said daughter, the same shall be held by the said trustees, the survivors and survivor of them, for my said daughter, in and upon the same trusts, to and for the same use and purposes, and subject to the same disposition after her death, and in the same manner as is hereinbefore directed, limited and expressed in relation to the one-fourth part or share of the residue of my estate hereinbefore given and bequeathed to or in trust for my said daughter.

"*Ninthly.* After the marriage or death of my said wife, Elizabeth, and imme-

Meeker *v.* Breintnall.

·diately upon the happening of either of those events, I direct that the one-fourth part or share of the residue of my estate hereinbefore given to the said trustees, in trust for my said wife during her widowhood, shall be divided into three equal shares or parts, one of which shares or parts I give and bequeath to the said trustees, the survivors and survivor of them, in trust for my said daughter, as hereinbefore expressed, in relation to what is given to or for her use in or by virtue of this my will; one other of which shares I give and bequeath to the said trustees, the survivors and survivor of them, in trust for my said son, George Horatio Nelson, as hereinbefore expressed, in relation to what is given to or for his use in or by virtue of this my will, and the remaining part or share thereof I give and bequeath to my said son, Sidney Smith Nelson, subject, nevertheless, to the conditions and regulations herein contained in relation to what is given to or for his use.

"*Tenthly.* In case my son, George Horatio Nelson, shall die before me, without lawful issue him surviving, or if he should die after me and before the said trustees, the survivors and the survivor of them, shall have vested his share of my estate so as aforesaid placed in their hands, absolutely in him, without lawful issue him surviving, then and in either of those cases I give and bequeath the share or part of my estate so placed in the hands of the said trustees in trust for my said son, or such part thereof as shall not have been absolutely vested in my said son, and all that he would in any event or the happening of any contingency been entitled to under this will, to my surviving children, share and share alike, and if either of my other children should then be dead, leaving a child or children, such child or children shall have and take the other share or part of his, her or their deceased father or mother. But if my said son, George Horatio Nelson, shall die before me, leaving a lawful child or lawful children him surviving, or if he should die after me and before the said trustees, the survivors and survivor of them, shall have vested his share of my estate so as aforesaid placed in their hands, absolutely in him, leaving such child or children him surviving, then and in either of those cases, I give and bequeath the share or part of my estate so placed in the hands of the said trustees, in trust for my said son, or such part thereof as shall not have been absolutely vested in my said son, and all that he would, in any event or the happening of any contingency, been entitled to under this my will, to such child or children, and if more than one child, share and share alike. And I do declare the property so placed in the hands of the said trustees, the survivors and survivor of them, for my son, George Horatio Nelson, subject to the trust aforementioned, and to be disposed of accordingly.

"*Eleventhly.* In case my son, Sidney Smith Nelson, should die before me, without issue him surviving, or should die after me and before he attains the age of twenty-one years, without lawful issue him surviving, then and in either of those events I give and bequeath all that he would be entitled to under this my will, if he had lived to the age of twenty-one years, to my surviving children, share and share alike, but if either of my other children should then be dead, leaving a child or children, such child or children shall have and take the share or part of his, her or their deceased father or mother. But if my said

son, Sidney Smith Nelson, should die before me, leaving a lawful child or children him surviving, or if he shall die after me and before he attains the age of twenty-one years, leaving such child or children him surviving, then and in either of those cases I give and bequeath to such child or children of my said son, Sidney Smith Nelson, equally between them, if more than one, all that part of my property and estate which my said son, Sidney Smith Nelson, would have been entitled to if he had lived. But any property which may fall to my son, George Horatio Nelson, or my said daughter, upon the death of my said son, Sidney Smith Nelson, is to be placed in the hands of my executors, and the survivors and survivor of them, upon the same trusts and conditions as their respective shares.

"*Twelfthly.* In case my daughter, Sophia Augusta Breintnall, shall die before me, without issue her surviving, then all that part or portions of my estate devised or bequeathed to or in trust for her, shall go and be equally divided between my said two sons, to whom I give and bequeath the same in that event, but the same is to be subject to the same regulations as their respective shares. And if either of my said sons shall be then dead, leaving issue him surviving, then such issue shall have and take the share or part of his, her or their father equally to be divided among them, if more than one. But if my said daughter shall die before me, leaving a child or children her surviving, then all the property and estate hereby given and bequeathed to my said daughter, or in trust for her, I give and bequeath out and out to such child or children of my said daughter, to be equally divided between them, if more than one.

"*Thirteenth.* In case it shall so happen that all my said children shall die before me, without lawful issue them surviving, or if my son, George Horatio Nelson, shall die before or after me, and before his share shall be absolutely vested in him by the said trustees, without lawful issue him surviving, and if my son, Sidney Smith Nelson, shall also die before or after me, and before he attains the age of twenty-one years, without lawful issue him surviving, and if my said daughter shall also die before or after me, without lawful issue her surviving, so that I shall have no child or children, grandchild or grandchildren, to take under this my will, then and in such an event I give and bequeath all my estate, real and personal, to my said executors and the survivors and survivor of them, in trust, for the use and benefit of my said wife, Elizabeth, during her widowhood and no longer, and from and after her death or marriage, whichever may first happen, I give and bequeath the one equal half of all my estate, real and personal, upon the happening of the contingencies aforesaid, to my brother, John Nelson, of Holton, near Wragby, in Lincolnshire, England, or in case of his death to his children, in equal portions; and the remaining one equal half of all my estate, real and personal, upon the happening of the contingencies aforesaid, I give and bequeath to the children of my deceased brother, William Nelson, equally to be divided among them, that is, among such of them as may be then living, excepting always out of the devises and bequests mentioned under this thirteenth clause of my will, so much of my estate as my said daughter Sophia Augusta may,

according to the provisions hereof in that respect otherwise dispose of by her last will and testament, or writing in the nature thereof, in case she shall make any such will and testament, or writing in the nature thereof.

"*Fourteenth.* In case my daughter Sophia Augusta shall have a child or children, and such child or children, or any one or more of them, should die before her, leaving a child or children him, her or them surviving, then upon the death of my said daughter Sophia Augusta, it is my will that such her grandchild or grandchildren shall take and receive the share or part of the property and estate hereby given and bequeathed, in trust for my said daughter, which his, her or their father or mother would have been entitled to, if he or she had survived my said daughter, unless my said daughter shall by her last will and testament, or by an appointment in writing in the nature thereof, made as is hereinbefore mentioned and authorized, otherwise direct, it being my will and intention that my said daughter, in case she dies leaving issue her surviving, may by such will or appointment as aforesaid, dispose of all or any part of the property and estate hereby given to or in trust for her, as she shall think proper, to and among her children and grandchildren or some of them.

"*Fifteenth.* In case my son, George Horatio Nelson, shall have a child or children, and such child or children, or any one or more of them, should die before him, leaving a child or children him, her or them surviving, then, upon the death of my said son, George Horatio Nelson, before the said trustees shall have vested his share of my estate absolutely in him, it is my will that such his grandchild or grandchildren shall take and receive the share or part of the property and estate hereby given and bequeathed in trust for my said son, which his, her or their father or mother would have been entitled to if he or she had survived my said son, anything in this my will to the contrary notwithstanding."

George died in 1836, unmarried, leaving no issue, and after having reached the age of twenty-eight years. His share had not, nor had any part of it, been paid or transferred to him. His brother Sidney and Mrs. Brientnall survived him. The testator's widow died February 28th, 1847, and Sidney died a few days afterwards. He had attained the age of twenty-one years. He died without issue (he was never married) and intestate. No part of the real estate, whether that held in trust for him as part of his original share, or that to which he was entitled on the death of his brother and mother, was ever transferred or conveyed to him.

It will have been seen that by her father's will Mrs. Breintnall had a life estate in the property thereby given to her, with the power of disposing of the property by will or appointment

in the nature thereof, among her children and grandchildren, or some of them. There was also a provision that in case she should die without issue surviving she should have power to appoint, but only as to one-half. The complainant, to whom, by her will, Mrs. Breintnall gives only a life interest in one-fourth of the residue of her estate, insists that the testatrix did not dispose of the property the income of which was given to her by her father's will, but of her own property alone. She also insists that if it be held that the testatrix has undertaken to dispose of the former property by her will, she has not duly executed the power, because it was of appointment to and among her children and grandchildren or some of them, which, the complainant insists, does not authorize her to dispose of the property by any less than an absolute and unlimited estate. The complainant also claims that the property which came to the testatrix from her brother Sidney, and which he had obtained under or by virtue of the provisions of his father's will, was subject to the provisions and restrictions of the will in reference to the share given to her, because the will provides that if any other or further part of the testator's property and estate, over and above what he had thereinbefore expressly given to or in trust for her, should, by any provision therein contained, or in consequence of any event or contingency that might happen, fall or come to her, it should be held by the trustees, or the survivors and survivor of them, in and upon the same trusts, to and for the same use and purposes, and subject to the same disposition after her death, and in the same manner as thereinbefore directed, limited and expressed, in relation to the one-fourth part or share of the residue of his estate thereinbefore given and bequeathed to or in trust for her. On the other hand, the defendants, the executors of the testatrix, claim that by the will she intended to dispose of the property in question under the power, and did so, and that under the terms of the power she was authorized to limit the estate of the appointees. They also insist that on the death of Sidney she became by law, as his only heir and next of kin, entitled to his property, which included his original share of the residue, his half of George's share and his half of the one-fourth given in

trust for the testator's widow, which, on her death, was to go to the three children, George, Sidney and Mrs. Breintnall, of which, consequently, George being dead, on her death, Sidney was entitled to one-half.

It is quite clear that the testatrix cannot be adjudged to have executed the power under her father's will, for the reason that there is no evidence whatever of her intention to do so. She had a large estate of her own, consisting of real and personal property. The real estate consisted of two properties, each a house and lot, one in Orange, in this state, and the other in Philadelphia. She also had real estate inherited from Sidney. There is no reference in her will to her father's will or to her power thereunder, or even to his estate, or indeed to any source from which she derived her property. There is nothing to indicate any intention to execute the power, which is a special power of appointment to particular persons. A reference to the instrument by which it is given is indeed not necessary to demonstrate the intention to execute such a power, but it must appear from the will that the intention existed. It need not appear by express terms or recitals in the instrument; it is sufficient if the act shows that the donee had in view the subject of the power. The defendants' counsel argues that the fact that the testatrix empowers her executors to sell all her real estate, is evidence of her intention to execute the power. This argument is based on the proposition that it is unreasonable to suppose that she would have made such a provision in view only of her before-mentioned properties in Orange and Philadelphia. This suggestion has no weight, especially in view of the fact that the will was made over four years before the testatrix's death. When she made it she may have contemplated the possibility that she would acquire other real estate before her death. But apart from that there is nothing at all unreasonable in presuming that she would have made just the provision she did in view of these two properties alone. But, as before stated, she was in fact absolute owner of all Sidney's real property. The provision for the sale of the real estate does not render it necessary to suppose that she intended to execute the power. The words of the will can be satisfied

without it. If she had real estate (as she had), with which the devise can be satisfied, the presumption is, in the absence of any evidence, that the devise was made with a view to that property and not as an exercise of the power. *1 Jarm. on Wills 628*. In *Hoste* v. *Blackman, 6 Madd. 190*, where a testatrix being entitled to two freehold houses, and having a power of appointment over certain lands, and money to be laid out in lands, the same, in default of appointment, to go over, by her will devised "all and every her freehold messuages, lands, tenements and hereditaments" to trustees for sale, it was held that the two freehold houses would satisfy the terms of the devise, and that the court could not infer, from the use of the terms, that she intended to execute the power. The principle is that where there is nothing for the will to operate upon except with reference to the power, it will operate as an execution of the power. Again it is urged that the general gift of her estate by the will is an execution of the power. But it is laid down that where the power is confined to certain objects, and the gift is in favor of the very objects, yet if it is general in its terms and there is property not subject to the power to answer the description, the gift will not be deemed to be an execution of the power. *1 Sugd. on Pow. 393*. And again, if the will does not refer to the power or the subject of it, and the words of the will may be satisfied without supposing an intention to execute the power, then, unless the intent to execute the power be clearly expressed, it is no execution of it. *4 Kent \*335*. As before remarked, there is no evidence at all of any intention on the part of the testatrix to execute the power, and she had property on which the whole will could operate, irrespective of the property in question.

The next question to be considered is what property was subject to the power. The testatrix, under the provisions of her father's will, acquired a life estate in one-fourth of the residue. By the death of George she became entitled to a life estate in one-half of his share, including his share of the one-fourth set apart for the widow's benefit. By the death of her mother she acquired, under the provisions of the will by immediate gift to her, a life estate in one third of the last-mentioned one fourth.

Meeker *v.* Breintnall.

·On the death of her brother Sidney, his half of the residue (made up of his original share, his half of George's share and his half of the one-fourth given for the benefit of the widow) went to her. She took it, not under the provisions of the will, but by operation of law as his heir and next of kin. It was so taken by her, not subject to the trusts of the will nor to any provision thereof. It is true that the testator, in the eighth section of the will, declared that—

"If any other or further part of his property and estate, over and above what he had thereinbefore expressly given to or in trust for his daughter Sophia Augusta, should by any provision contained in the will, or in consequence of any event or contingency that might happen, fall or come to her, the same should be held by the trustees, the survivors and survivor of them, for her, in and upon the same trusts, to and for the same uses and purposes, and subject to the same disposition after her death, and in the same manner as thereinbefore directed, limited and expressed in relation to the one-fourth part or share of the residue thereinbefore given and bequeathed to or in trust for her;"

but this provision does not affect the property received by the testatrix from her brother Sidney's estate, although at his death it was still held in trust for him and had never been transferred or conveyed to him. He was entitled to a conveyance and transfer of it. The property was his absolutely, though held in trust. That property did not come to the testatrix by virtue of any gift, provision or limitation in her father's will, but, as before remarked, by operation of law. The provision just quoted does not apply to it. It has reference to what might come to her under the will in consequence of any event or contingency in which it would, under or by virtue of the provisions of the will, come to her. The testator, of course, did not intend to limit her right to take Sidney's property, whether as his heir or next of kin, or grantee, donee, legatee or devisee. The testator, indeed, by the eleventh clause of the will, declared that any property which might fall to George or Sophia on the death of Sidney was to be placed in the hands of his executors and the survivors and survivor of them, upon the same trusts and conditions as their respective shares. But he had reference to property which

might fall to them in either of the contingencies mentioned in that section, which were the death of Sidney before the testator's death and without lawful issue surviving, or Sidney's death after the testator's death and before attaining to the age of twenty-one years, without lawful issue surviving; in either of which events he gave Sidney's share to George and Sophia. The share of the one-fourth of the residue given for the benefit of the testator's widow, which was given on her death to George, on her decease went, by virtue of the limitation in the eighth section, to Sophia, and under the provision before quoted contained therein, became part of the property held in trust for her under the will.

The result of the foregoing considerations is that Mrs. Breintnall will be adjudged not to have executed the power of appointment, and that consequently the one-half of the residue of her father's estate—that is, the one-fourth the interest whereof was given to her in the first instance, the one-half of the fourth set apart for the benefit of the widow and one-half of the fourth originally given to George—do not pass under her will and are not affected by it.