GEORGE A. LIPPINCOTT, *cum testamento annexo* of Howard I. Hance, deceased,

*v.*

SUSAN B. HAVILAND et al.

[Submitted March 15th, 1922. Decided April 8th, 1922.]

1. Where a testator established certain trusts, the income to be paid to the beneficiaries, and upon the death of any of them the trustee was directed to pay over the principal to such person as the deceased beneficiary should appoint, the will of a beneficiary, directing payment of her debts, &c., and giving all the rest of her property to her sister and brother, share and share alike, or to the survivor of them, for their own proper use, no reference being made to the trust estate, was not an exercise of the power of appointment.

2. In the absence of proof establishing a different intention a general devise or bequest by the donee of a power in which the testator refers to the property devised or bequeathed as his property, will not be regarded as an exercise of a power of appointment.

On bill, &c.

*Mr. George W. Van Gelder,* for the complainant.

*Mr. Henry Morris Haviland* (of the New York bar), for the defendant Susan B. Haviland.

*Mr. Linton Satterthwaite,* for the defendants Martha B. Applegate and others.

FOSTER, V. C.

This bill seeks the construction of certain provisions of three wills, made, respectively, by Eden Wolley, Elizabeth A. Hance and Howard I. Hance, all deceased.

From the pleadings and proofs and the stipulation of counsel, the principal question to be determined is whether Elizabeth A. Hance, by the provisions of her will, so exercised the power of

appointment given her by the will of Eden Wolley that the share of his estate from which she had received income was effectually bequeathed and devised to her sister, the defendant Susan B. Haviland, and to her brother, Howard I. Hance, in equal shares.

Mr. Wolley, who died in 1892, by his will established certain trusts in part of his estate, and the income therefrom was to be paid to the three children of a deceased daughter, viz., Elizabeth A. Hance, Susan B. Hance (now Haviland) and Howard I. Hance, and upon the death of any of the beneficiaries, the trustee was directed to pay over that part of the principal of the trust estate from which the deceased beneficiary had received the income to such person as the deceased beneficiary should by will appoint; and if no such appointment were made, such part of the principal should go to the issue of the beneficiary; and failing issue, then it should go to such persons and such estates as the same would go to and vest in under the law of the state, as if "such children, respectively, died seized and possessed thereof intestate."

Elizabeth A. Hance, one of the beneficiaries, died on May 24th, 1898, leaving an estate of her own valued at $678.99, and leaving a will executed March 13th, 1897, in which, after directing the payment of her debts and funeral expenses and bequeathing her jewelry and wearing apparel to her sister, the defendant Susan B. Haviland, she disposed of the remainder of her estate as follows:

"IV. All the rest, residue and remainder of my property, whether real, personal or mixed, or wheresoever situated, I give, devise and bequeath to my sister Susan B. Haviland and to my brother Howard I. Hance, share and share alike, or to the survivor of them, for their own proper use and behoof forever."

No reference or mention is made in her will to the estate of Eden Wolley, or to the interest of the testatrix therein, or to the power of appointment given her by the terms of Mr. Wolley's will; and no effort was made at the hearing to establish an intention on the part of the testatrix to exercise the power of appointment by this or any other provision of her will.

While it is not necessary that it appear by express terms or recitals in the will that testatrix was exercising the power of ap-

CASES IN CHANCERY, 1922. 587

*93 N. J. Eq.*      West. Elec. Co. *v.* Jersey Shore Realty Co.

pointment, it must, however, appear in some form that the acts of the testatrix show she had in view the subject of the power and intended to exercise it in the execution of her will (*Meeker* v. *Breintnall,* 38 N. J. Eq. 345), and this intention may be collected from attending circumstances, as that the will includes something the testatrix did not have, otherwise than under the power, or that part of the will would be inoperative unless applied to the power. *Wooster* v. *Cooper, 59 N. J. Eq. 204* (at p. 223).

As it is the settled law of this state that, in the absence of proof establishing a different intention and purpose, a general devise or bequest by the donee of a power in which the testator refers to the property devised or bequeathed as his property, will not be regarded as an exercise of the power of appointment (*Meeker* v. *Breintnall, supra; Wooster* v. *Cooper, supra; Ackerman* v. *Ackerman, 81 N. J. Eq. 437; Farnum* v. *Penn Co. for Insurance, &c., 87 N. J. Eq. 108;* affirmed at *p. 652*), my conclusion is that Miss Hance did not exercise in her will the power of appointment given her under the will of Eden Wolley. This determination disposes of the main question in controversy and makes it unnecessary to consider the other questions raised by the parties, and a decree will be advised accordingly.