Sarah Buckalew died seized of a certain residence property in Middlesex county, and by her will gave the use of it —
"to my son Cornelius during his natural life, and at his decease to his widow [should one survive him] and at her decease, as the said Cornelius may direct by will, should he not make a will, then to be given to his heirs, share and share alike."
Cornelius subsequently died leaving a widow, Mary Jane Buckalew, surviving, and leaving a will which provides:
"I give, bequeath and devise all of my property and estate remaining, both real and personal, to my wife, * * * to her and her heirs and assigns absolutely and forever."
There is nothing else in his will which could possibly be deemed a "direction" or disposition of the property in question. At the time he executed the will he had, besides his interest in this property, a small piece of real estate of which he died seized, and he left personal property of about $500.
The widow has now died, and her executor (who has power of sale of real estate) seeks a judicial construction of the will of Sarah Buckalew and a declaration of the rights of the parties thereunder — the heirs of Cornelius being defendants. He contends that his testatrix died seized of a fee-simple in the property — that either (1) the will of Cornelius was a valid disposition (to her) under the testamentary power given him by the will of Sarah, or if it was not, then *Page 441 
(2) under the terms of the will of Sarah Buckalew, Cornelius took a fee-simple (subject to a life estate in his widow), which pased under his will to complainant's testatrix.
This contention seems sound, although it is the second of the two alternatives upon which the determination must be rested.
Under the law of this state the will of Cornelius did not operate as an exercise of the power of testamentary disposal given to him by his mother's will. It contains no reference to such power of disposal nor to the property which was the subject of that power, and he had other real estate. Lippincott v.Haviland, 93 N.J. Eq. 585, and cases cited.
We have under the will of Sarah Buckalew a devise of a life estate to Cornelius with a remainder to the heirs of Cornelius, contingent upon his not making a testamentary disposition of the property, and subject to a possible intermediate life estate in his wife.
Now, under the rule in Shelley's Case, where an instrument gives a life estate to A. and a contingent remainder to A.'s heirs, either mediately or immediately, the instrument is held to give A. a fee-simple. Washb. Real Prop. (6th ed.) § 1601; 2Jarm. Wills (6th Am. Ed.) 1858, 1867.
The rule in Shelley's Case is a part of the common law of this state, except to the extent that it has been modified by statute; and our statutory modification — Descent act, section 10 — deals only with the situation where the devisee for life has lineal issue. Where the heirs are not lineal issue of the life tenant the rule is not modified. Lippincott v. Davis,59 N.J. Law 241 (at p. 246).
In the present case Cornelius had no children; he did not exercise the testamentary power, and, hence, it must be held that he took a fee-simple under the will of his mother.
It is true that Cornelius did make a will, and that the will of Sarah says "should he not make a will" — but it is quite clear that by those words she meant (and it is to be so construed), "should he not make a will which exercises the said power of testamentary disposition." Indeed, counsel for defendants himself contends that this is the true interpretation of Sarah's will in that behalf. *Page 442 
It may be added that Dodson v. Ball, 60 Pa. St. 492, andYarnall's Appeal, 70 Pa. St. 335, are both cases involving a gift for life, with an added power of disposal, and in default of the exercise of the power, remainder to the heirs of the life tenant. In both these cases it was held that the life tenant took an absolute estate.
The fact that the will of Sarah adds the words "share and share alike" after the words "to his heirs" is of no importance whatever. The rule is a positive, inexorable rule of law, and construction plays no part in its operation. If the testatrix had added the express words "I intend the heirs to take as purchasers," they would have been wholly inoperative.Lippincott v. Davis, supra (at p. 244); Jordan v. Adams,9 C.B.N.S. 483, 497; 2 Jarman, supra (at p. 1866). Obviously, therefore, words which are not express, but from which a like intent is merely to be implied, are equally inoperative.