The bill seeks a decree directing the defendants Bartley F. Tuthill and William F. Bigelow, as trustees, to convey the legal title to certain property in Roselle, New Jersey, formerly owned by Annie H. Davis, now deceased, to the complainant. Under the second cause of action in the bill of complaint the complainant seeks a decree quieting the title to the lands in question. Answers to the bill of complaint were filed by some of the heirs-at-law of the decedent *Page 462 
and also by Tuthill as one of the trustees. This trustee also filed a counter-claim praying the construction of two certain trust agreements made by the said decedent, and Bartley F. Tuthill and William F. Bigelow, trustees, under date of November 2d 1929, and also the will of the said decedent, which was executed on January 6th, 1930. To this counter-claim the complainant and the executor of the will, the heirs-at-law and the legatees named in the will are made parties.
In May, 1929, Annie H. Davis was an elderly lady and a widow, residing in Roselle, New Jersey. She was possessed of certain real estate consisting of her home in Roselle, a small amount of cash, fifty shares of six per cent. cumulative preferred stock of the Public Service Corporation of New Jersey, and a participating certificate in a bond and mortgage valued at $4,000, bearing interest at five and one-half per cent. per annum. Because of her age and situation she opened negotiations with the Methodist Episcopal Home for the Aged of New Jersey, located at Ocean Grove, New Jersey, for admission to that institution, upon an arrangement whereby she was to convey her home in Roselle to the complainant, which, in turn, was to support and maintain her for the remainder of her life and pay her three and one-half per cent. interest on the agreed value of the property so to be conveyed. This arrangement was tentatively made on May 20th, 1929, when Mrs. Davis first visited the home. She took away with her an admission application blank which she later executed and returned to the home on May 21st, 1929. There was no vacancy in the home at that time and she had to await her turn for admission. It appears from a letter written by her to the home in August, 1929, that she had then definitely decided to enter the home at the first opportunity.
On November 2d 1929, she executed the two trust agreements referred to, by one of which she transferred the Public Service Corporation stock and the mortgage certificate to Bartley F. Tuthill and William F. Bigelow as trustees, and by the other of which she transferred her home in Roselle to said trustees. Both transfers were upon practically the *Page 463 
same trusts, which were to collect and to receive the income from the property transferred and pay the same to the settlor, Mrs. Davis, during her life. Broad powers of sale were vested in the trustees and they were given authority to use the principal or such portions thereof as might be necessary for the support of the settlor, who reserved the power of appointment by will; and it was further provided that in the event that such power of appointment was not exercised upon her decease, the trustees were to convey and transfer the corpus of the trust to the heirs-at-law or next of kin entitled to receive the property under the intestate laws.
A vacancy having occurred in the home, Mrs. Davis entered it on January 6th, 1930. On the same day she executed her will, making pecuniary bequests amounting to $410 and leaving the residue of her estate to the Dennisville M.E. Church and the Roselle Park M.E. Church. On January 2d 1930, she wrote to her trustees advising them of the arrangements which she had made and asked them to send her the deed for the Roselle property, which they did, and on January 27th she executed a deed for this property, by which she attempted to convey it to the complainant. She died in the March following, having resided at the M.E. Home in the meantime, and the complainant having fully performed its agreement.
The first question presented by the pleadings is whether or not the power of appointment reserved by Mrs. Davis in the deed of trust conveying the Roselle property to Tuthill and Bigelow was executed by her when she made her will.
My conclusion is that it was not. No specific reference to the power, or to the property the subject thereof, is made in the will and under well-recognized rules, as laid down in the numerous New Jersey cases touching this point, it must be held that the power was not exercised (Meeker v. Brientnall,38 N.J. Eq. 345; Farnum v. The Pennsylvania Company for Insuranceon Lives and Granting Annuities, 87 N.J. Eq. 108; affirmed, Ibid.652; Paul v. Paul, 99 N.J. Eq. 498; Woodbridge v. Jarrard,101 N.J. Eq. 439); although it is not necessary to the due execution of a power that it should *Page 464 
be recited or expressly referred to in the will if the act shows that the donee of the power had in view the subject-matter thereof. Den v. Crawford, 8 N.J. Law 90; Cueman v. Broadnax,37 N.J. Law 508. But there must be something to clearly show that the donee intended to execute it. Ibid. Here, however, the circumstances indicate no intention to execute the power, but rather to the contrary. The will is dated January 6th, 1930. On the same day Mrs. Davis entered the home, having previously made arrangements for such entry upon the basis of conveying the Roselle property to the complainant as above stated. The deed had not then been executed but clearly it was in contemplation and was actually executed on January 27th, three weeks later. The arrangements which she had already made, coupled with her entry into the home on the day the will was executed, and the subsequent execution of the deed in an attempt to carry out her part of the arrangement, clearly explains to my mind the omission of any reference to the power or the property subject thereto in the will. She had already arranged to dispose of the property during her lifetime and hence there was no necessity or purpose for any reference thereto in the will.
The power of appointment not having been executed the next question is as to what disposition of the legal title shall be made by the trustees.
Paragraph four of the deed of trust provides that upon the decease of the settlor, if the property has not been previously sold, the trustees shall convey to her heirs-at-law in default of appointment by her will. No exercise of the power of appointment having occurred, the trustees should then convey to the heirs unless the property has been previously sold or otherwise disposed of in accordance with the powers given to the trustees in the trust deed.
Paragraph five of that deed provides that the trustees upon the written request of the settlor "shall turn over to her such portions of the principal as, in their discretion, may seem meet and proper for her comfort and enjoyment"; and in case of necessity or desirability for her proper support, comfort or maintenance they may, in their discretion, use the *Page 465 
principal for such purpose. The trustees also had complete power of sale under paragraph three, but only upon the written consent of the settlor, in which case the proceeds were to be invested in legal securities. I think there is no doubt but that the trustees, under both paragraphs three and five, had the power, with the written consent of the settlor, to convey the property to the complainant in fulfillment of her agreement. If the trustees had conveyed to the complainant in consideration of its agreement to support and maintain the settlor for the balance of her natural life, such transaction might well have been considered either a sale under paragraph three, or a use of the principal of the trust for the support of the settlor under paragraph five, as to both of which I consider the trustees had complete discretion.
Considered as a sale, nothing was lacking except the deed from the trustees as the deed executed by the settlor may well be considered as her written consent to such sale. A deed from the trustee would also be required in order to transfer the legal
title and to apply this property for the settlor's support and maintenance.
Paragraph five also says that "upon the written request of the" settlor "the trustees * * * shall turn over to" her "such portions of the principal as" seems meet and proper for her comfort and enjoyment. The written request required by this paragraph is supplied in her letter of January 2d 1930, in which she advises the trustees of the arrangements she has made and prays their approval. She suggests that they send her the deed for the property and to let her know if it is necessary for them "to take any part in this affair."
The trustees acknowledged receipt of the letter and sent the deed at the same time, expressly approving of her course of action. Apparently all parties misunderstood the legal requirements for the vesting of the legal title to this property in the complainant, but it is equally apparent that all intended that it should be done and thought they were doing all that was necessary for them to do to accomplish their purpose. The equities are undoubtedly with the complainant and it is a maxim of equity that what ought to have been *Page 466 
done will be considered by a court of equity to have been done. The trustees ought at that time to have executed a deed to the complainant. They did not because they did not know it was necessary, thinking the deed from the settlor all sufficient. That they did not do so is no impediment to a decree of this court which will carry out the intentions of the parties. The legal title to the property is still in the trustees; but the complainant undoubtedly has the equitable title and possession. The trustees will be directed to convey the legal title to the complainant also. The fact that the settlor died about three months after her entry into the complainant home is no reason for not carrying out the arrangements which she made.
As to the Public Service stock and the participating mortgage certificate which were the subject of the other trust deed, the same power of appointment was reserved by Mrs. Davis as was reserved in the trust deed conveying the Roselle property. The question as to whether or not this power of appointment with respect to the personal property was exercised depends upon a construction of the residuary clause of Mrs. Davis' will. By that clause she gives to the defendants Dennisville M.E. Church and Roselle Park M.E. Church "all the rest, residue and remainder of my estate, both real and personal, to them, their successors or assigns, share and share alike." The same rules of construction concerning the exercise of this power hereinabove referred to are equally applicable to the question now to be decided. InBennett v. Abernow, 8 Ves. Jr. 616, the rule is laid down that
"Though to effect the execution of a power by will a direct reference to the power is not necessary, the intention must distinctly point to the subject of it, as if something isincluded which the testator had not otherwise than under thepower; and part of the will, unless applied to it, would bewholly inoperative." (Italics mine.)
This case is cited and the rule stated in Den v. Crawford,supra (at p. 114). It is always a question of intention whether the party meant to execute the power or not (Bennett v.Abernow, supra; Farnum v. Pennsylvania Company *Page 467 for Insurance on Lives and Granting Annuities, supra), and that intention may be gathered from the circumstances. But in the absence of proof establishing a different intention and purpose, a general devise or bequest by the donee of a power in which the testator refers to the property devised or bequeathed as his property will not be regarded as an exercise of the power of appointment. Meeker v. Brientnall, supra; Wooster v. Cooper,59 N.J. Eq. 204, 223; Woodbridge v. Jarrard, supra. In Paul
v. Paul, supra, it was held that where there is practically nothing for the will of a donee of a power to operate upon except the property of which she had the power of disposal by will, the power will be deemed exercised in the absence of other controlling elements. Here the only possible reference to this trust estate which can be found in the will being the words "all the rest, residue and remainder of my estate," I think it is clear that if there is any other property owned by the testatrix at the time of her decease and upon which this clause of the will can act, then it must be held that the power of appointment was not exercised. It is stipulated by counsel that testatrix, at the time of her death, was possessed of personal property other than the trust fund here involved, consisting of money in banks and securities valued at over $10,000, and it is clear, therefore, that the residuary clause is effective without recourse to the trust property. The power was not, therefore, executed, and the trust property will be turned over by the trustees to those entitled thereto under the intestate laws, in accordance with the provisions of the trust deed.
I will advise a decree accordingly. *Page 468