The question to be determined in this cause is whether Hannah B. Frishmuth, who died July 7th, 1935, by her will dated June 4th, 1934, and duly admitted to probate on July 29th, 1935, in Jefferson county, State of Florida, where she was domiciled at the time of her death, exercised the power of appointment given to her by the will of her father, Robert Biddle, deceased. Robert Biddle died December 3d 1902, *Page 246 
and his will was probated by the surrogate of Burlington county, New Jersey, on December 15th, 1902. The complainant herein is the substituted trustee of the trust estate created under the latter will for the benefit of Mrs. Frishmuth, his daughter, which gave to her the income therefrom during her lifetime and then provided as follows:
"From and immediately after the decease of my said daughter, Hannah B. Frishmuth, it shall be the duty of my said Trustee, or his successor, to convey, assign, transfer and set over the same or any part thereof to such person or persons, and for such uses and purposes as she, my said daughter, Hannah B. Frishmuth, by her last will and testament, or by any writing in the nature thereof, shall direct, limit and appoint, free and clear from all trusts whatsoever. But if my said daughter, Hannah B. Frishmuth, shall die without making a will and testament as aforesaid, it shall be the duty of my said Trustee, or his successor, to convey, assign, transfer and set over the same or any part thereof to her children and the lineal descendants of any deceased child share and share alike, free and clear of all trusts whatsoever, such descendants to take by representation the share of their deceased parent. * * *"
Mrs. Frishmuth left her surviving two daughters, Edna F. Fitler and Clarice F. Ransome, a son, John C. Whitney Frishmuth, and two grandchildren, Robert Biddle Frishmuth, Jr., and Theodora Patricia Frishmuth, who are the children of a deceased son, Robert Biddle Frishmuth. Mrs. Frishmuth's will made no reference, in specific terms, to the power of appointment given to her under the will of Robert Biddle; without the aid of extrinsic evidence her will would not operate as an exercise of the power of appointment given to her. Whether the power was executed depends upon her intention to exercise it, which intention must be found in her will either by express terms or by necessary implication; it is sufficient evidence of such intention, however, if the will shows that the donee had in view the subject of the power, and for this purpose extrinsic evidence of testatrix' circumstances at the time of the execution of her will is admissible. Farnum
v. Pennsylvania Company for Insurance, c., 87 N.J. Eq. 108;affirmed, 87 N.J. Eq. 652.
The case of Lippincott v. Haviland, 93 N.J. Eq. 585, dealt with a situation where a testatrix was the donee of a *Page 247 
power of appointment and by her will, after directing the payment of her debts and funeral expenses and making a bequest of jewelry and wearing apparel, disposed of the remainder of the estate in her residuary clause without reference to the power of appointment, and no evidence whatever was produced to establish an intention on the part of the testatrix to exercise the power of appointment by the residuary clause or any other provision in the will. Vice-Chancellor Foster in holding that the power was not exercised, said:
"While it is not necessary that it appear by express terms or recitals in the will that testatrix was exercising the power of appointment, it must, however, appear in some form that the acts of the testatrix show she had in view the subject of the power and intended to exercise it in the execution of her will (Meeker v. Breintnall, 38 N.J. Eq. 345), and this intention may be collected from attending circumstances, as that the will includes something the testatrix did not have, otherwise than under the power, or that part of the will would be inoperative unless applied to the power. Wooster v. Cooper, 59 N.J. Eq. 204
(at p. 223).
"As it is the settled law of this state that, in the absence of proof establishing a different intention and purpose, a general devise or bequest by the donee of a power in which the testator refers to the property devised or bequeathed as his property, will not be regarded as an exercise of the power of appointment (Meeker v. Breintnall, supra; Wooster v. Cooper, supra;Ackerman v. Ackerman, 81 N.J. Eq. 437; Farnum v. Penn.Company for Insurance, c., 87 N.J. Eq. 108; affirmed at p.652), my conclusion is that Miss Hance did not exercise in her will the power of appointment given her under the will of Eden Woolley."
The will of Mrs. Frishmuth was inoperative to carry out its provisions unless she had in view at the time of the making of her will the disposition of the trust estate created under the will of her father. Her will directed, first, the payment of her just debts and funeral expenses, and then in the next twelve paragraphs made specific disposition of her personal effects, consisting of clothing, furniture, automobiles, *Page 248 
implements, jewelry and other miscellaneous articles. She then directed that the residue of her estate, using the expression "my estate," be divided into four equal shares or parts, one of which she gave to her daughter Edna Frishmuth Fitler, absolutely, another to her daughter Clarice Frishmuth Ransome, absolutely, and directed that from the remaining two parts there be paid to her said daughter Edna the sum of $2,400, and to her daughter Clarice the sum of $500, the balance remaining from said two parts to be held in trust for her son, John C. Whitney Frishmuth.
The evidence disclosed that at the time of the death of Mrs. Frishmuth her debts and funeral expenses amounted to about $1,800, and aside from her personal effects, goods, chattels and jewelry specifically devised, she had approximately only $450 represented by a small balance in her account in the Camden Safe Deposit and Trust Company and including the accrued income of the trust fund in question. When Mrs. Frishmuth's will was executed on June 4th, 1934, aside from the goods, chattels, jewelry and personal effects which she disposed of under her will, her only property consisted of a checking account in the Camden Safe Deposit and Trust Company in which there was a balance of $157.85 and an accrued income from the trust fund under her father's will amounting to $401, a total of $558.85.
The testatrix died at the age of eighty-four years, about a year after the making of her will. She lived at the time of her death on a farm in Jefferson county, Florida, which belonged to the estate of her deceased husband. It was disclosed by the evidence that for many years she had received a substantial income from a trust fund established by her husband's will, in addition to the income from the trust fund set up in her father's will, but due to the depression, for some time prior to making her will no income accrued to her from her husband's estate, so that her income at the time of the making of her will came only from the trust fund held in her father's estate and was less than $2,400 a year.
In the case of Paul v. Paul, 99 N.J. Eq. 498, the testatrix, who had a power of appointment under the will of her father, *Page 249 
made a number of money bequests aggregating approximately the amount of the trust fund, and there was practically nothing for these bequests to operate on except the trust fund. Vice-Chancellor Leaming, in concluding it was the obvious intent of the testatrix to exercise the power of appointment, said:
"The only circumstance which may be said to militate against the conclusion that it was the plain intent of testatrix to exercise her power of appointment, is the fact that in the residuary clause of the will testatrix used the expression `my estate.' In the special circumstances of this case that, to my mind, cannot be said to overcome the views already expressed. The evidence discloses that only two days before the date of her will testatrix wrote to her trustee, saying: `Will you kindly tell me about the amount of my estate in your hands as trustee so that I can make disposal of it more intelligently in my will.' It is clear that this letter and the testimony disclosing the custom of the testatrix to refer to the trust fund as her estate cannot be received as evidence in aid of construction, except, at most, for carefully limited purposes and in special circumstances; but I am convinced that in the special circumstances of this case that letter and testimony cannot be wholly ignored. It will be noted that the general situation presented is one in which, through competent extrinsic evidence disclosing the property owned by testatrix and her power of appointment, it has been found that two estates existed from one or both of which the bequests may have been intended to be paid — one the estate of testatrix, which was almost infinitesimal as compared with the amount of the legacies ordered paid — the other the ample trust estate of the father of testatrix, the income of which had long been paid to testatrix, and of which testatrix had the power of disposition by her will."
It is contended by counsel representing the children of the deceased son of Mrs. Frishmuth that it was not the intention of the testatrix to exercise the power of appointment. The testimony of the attorney who had prepared two former wills for her, the last one in 1930, was admitted conditionally, as *Page 250 
was a copy of the said will executed by the testatrix in 1930; the testimony concerning these prior wills, even if it was admissible, has, to my mind, no probative force. The circumstances which are evidential are such as existed at the time of the making of the will in question in 1934, and from them I am convinced that the testatrix intended by her will to exercise the power of appointment.
The instant case is almost parallel to that of Paul v. Paul,supra, except the circumstance referred to by Vice-Chancellor Leaming concerning the letter of the testatrix to her trustee, which he said could be received as evidence in aid of construction only for carefully limited purposes and in special circumstances. It seems to me that his decision turned on the fact that the will was inoperative unless the testatrix had in mind the trust fund over which she had the power of appointment.
While the testatrix was a woman of advanced years at the time she made her last will, no question has been raised as to her capacity to make the same, or her understanding of her resources. It is clear that her will cannot be carried out without the trust fund because the residuary clause contemplates the disposition of $2,900 from two-fourths thereof (thus indicating a residuary estate of an absolute minimum of $5,800), in addition to the trust there created for the benefit of her son. In order to effectuate these directions, and to pay debts and funeral expenses of $1,800, testatrix had less than $500, exclusive of the fund of which she had the power to appoint. In my opinion, therefore, testatrix clearly intended at the time she executed her will to dispose of the trust fund over which she had the power of appointment under her father's will; and this conclusion seems inevitable in view of the surrounding circumstances existing at the time her will was made. Accordingly the power to appoint will be held to have been exercised by Mrs. Frishmuth in her will. *Page 251